JUDGE STANTON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 2373

570 CITY ISLAND AVENUE, LLC,

        Plaintiff,

- against -

AMGUARD INSURANCE COMPANY,

        Defendant.

Docket No.: __ CV __

**NOTICE OF REMOVAL**

ECF CASE

RECEIVED
APR 04 2014
U.S.D.C. S.D.N.Y.

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant AmGuard Insurance Company ("Amguard") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, Bronx County, where the action is now pending under Index No. 20954/2014e, and states:

    1.    On or about March 3, 2014, Plaintiff 570 City Island Avenue, LLC ("Plaintiff") commenced this action in the Supreme Court of the State of New York, Bronx County by filing a summons and verified complaint (the "Complaint"), and the action is now pending in that court.

    2.    On March 10, 2014, the Complaint was served upon the New York State Department of Financial Services.

    3.    This action is a civil action to recover for alleged property damages under an insurance policy and the United States District Court for the Southern District of New York has jurisdiction by reason of the parties' diversity of citizenship.

    4.    Upon information and belief, Plaintiff is now, and at the time the action was commenced, a citizen of the State of New York. Plaintiff is a domestic limited liability corporation organized, formed, and incorporated under the laws of the State of New York with a

principal place of business located at 150 Fifth Avenue, Pelham, New York 10803. Plaintiff's sole member is Ralph Sozio, who resides at 150 Fifth Avenue, Pelham, New York 10803.

5. Defendant Amguard is now, and at the time the action was commenced, a citizen of the State of Pennsylvania. Amguard is a foreign corporation organized, formed and incorporated under the laws of Pennsylvania with its principal place of business located at 16 South River Street, Wilkes-Barre, Pennsylvania 18702.

6. The amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

7. No change of citizenship of the parties has occurred since the commencement of the action.

8. Accordingly, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

9. A copy of all process, pleadings and orders served upon Amguard is attached hereto as Exhibit "A" and filed with this notice.

10. This Notice of Removal is being filed within thirty (30) days after receipt by AmGuard of the initial pleading setting forth the claim for relief upon which the action is based and is timely pursuant to 28 U.S.C. § 1446(b).

11. Promptly after the filing of this Notice of Removal, Amguard will give written notice thereof to Plaintiff's attorney of record and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Bronx County, thereby effecting removal of the Action pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, since all of the prerequisites for diversity jurisdiction are present, Amguard respectfully requests that this action proceed in the United States District Court for the Southern District of New York as an action properly removed to it.

Dated:  New York, New York
April 4, 2014

LAZARE POTTER & GIACOVAS LLP

By: _____
Stephen M. Lazare (SL-2243)
Yale Glazer (YG-1616)
Attorneys for Defendant
875 Third Avenue, 28th Floor
New York, New York 10022
Telephone: (212) 758-9300
Fax: (212) 888-0919
Email: yglazer@lpgllp.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x SUMMONS
570 CITY ISLAND AVENUE, LLC,

                Plaintiff,

-against-

AMGUARD INSURANCE COMPANY,

                Defendant.
------------------------------------x

Index No.: 20954/2014E

Date Purchased: 3/3/14

Plaintiff designates BRONX COUNTY as the place of trial on the basis that Plaintiffs are located there.

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and to serve a copy of your Verified Answer or, if the Verified Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiffs' attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated:    White Plains, New York
           March 3, 2014

                              Yours, etc.,

                              Bleakley Platt & Schmidt, LLP

                              By: _____
                              Justin M. Gardner
                              Jonathan A. Murphy
                              Attorneys for Plaintiff
                              One North Lexington Avenue
                              White Plains, New York 10601
                              (914) 949-2700

To:

AmGUARD Insurance Company
16 South River Street
Wilkes-Barre, PA, 18702

New York State Department of Financial Services

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x
570 CITY ISLAND AVENUE, LLC,

                     Plaintiff,     **COMPLAINT**

      -against-             Index No.: 20954/2014E

AMGUARD INSURANCE COMPANY,

                    Defendant.
------------------------------------x

    Plaintiff, by its attorneys Bleakley Platt & Schmidt, LLP, as and for its Complaint, alleges the following upon information and belief:

    **FIRST**: At all times hereinafter mentioned, 570 CITY ISLAND AVENUE, LLC (hereinafter "Plaintiff") was and still is a limited liability company duly organized and existing under and by virtue of the laws of the State of New York, with its official business address at 150 Fifth Avenue, Pelham, New York 10803.

    **SECOND**: At all times hereinafter mentioned, defendant AMGUARD INSURANCE COMPANY (hereinafter "AMGUARD") was and is an insurance company duly organized and existing under and by virtue of the laws of the State of Pennsylvania, with a principal business address of 16 South River Street, Wilkes-Barre, PA, 18702.

THIRD: Defendant AMGUARD is an insurance company duly authorized and licensed by the New York State Department of Financial Services to issue policies of insurance within the State of New York, including the policy at issue herein.

FOURTH: On or about July 16, 2012, AMGUARD made and issued its certain policy of insurance bearing policy number FIBP303005 ("the Policy"), wherein and whereby it did insure, inter alia, the premises and property located at 570 City Island Avenue, Bronx, New York (hereinafter "the Subject Premises".

FIFTH: The Policy included stated property coverages, including but not limited to, coverage for loss and damage to the building structure located at the Subject premises, with building limits of insurance of no less than $737,460, on a replacement cost valuation basis.

SIXTH: At all times herein mentioned, Plaintiff had and possessed a valid insurable interest with respect to the aforementioned subject premises and property.

SEVENTH: On or about October 29, 2012, the aforementioned Policy was in full force and effect.

EIGHTH: On or about October 29, 2012, a major hurricane event, known as "Hurricane Sandy", brought extremely high winds to the New York City area.

2

NINTH: On or about October 29, 2012, the subject premises and certain of Plaintiff's property located thereat and therein were damaged due to a covered peril under the subject Policy.

TENTH: As a result thereof, Plaintiff sustained damages in the sum of no less than One Hundred Seven Thousand Nine Hundred Two ($107,902) Dollars.

ELEVENTH: Plaintiff submitted a claim to AMGUARD for its loss and damage.

TWELFTH: As a result of the loss of October 29, 2012, AMGUARD agreed to pay only the limited sum of $12,656 to Plaintiff, but denied and refused to pay Plaintiff's full and actual loss and damage, which was no less than $107,902.

THIRTEENTH: The full and actual amount of Plaintiff's actual loss and damage, although covered under the Policy, has not been paid by AMGUARD, although duly demanded.

FOURTEENTH: Due to Defendant's refusal to honor its coverage, Plaintiff has suffered direct additional losses, including but not limited to incurring direct costs to pay for the repairs to the subject damage using its own funds.

FIFTEENTH: Plaintiff has cooperated with Defendant and has complied with all requests and directives from Defendant with regard to the claim made under the subject Policy.

3

SIXTEENTH:   AMGUARD has no valid reason for its refusal to settle and/or pay Plaintiff's claim.

SEVENTEENTH: AMGUARD, by and through its agents and employees, had a duty to fairly, timely and accurately adjust Plaintiff's claim.

EIGHTEENTH: AMGUARD acted in bad faith and without basis by declining coverage for the entire amount of Plaintiff's claims.

NINETEENTH:   AMGUARD' failure to pay Plaintiff under the policy is a breach of the contract entered between Plaintiff and AMGUARD.

TWENTIETH:   The parties to this policy necessarily knew and/or should have known that a breach of the contract by AMGUARD would necessarily cause Plaintiff to incur further losses, including but not limited to, legal fees and litigation expenses, hardship as partially noted above, and potentially, loss of business and opportunities as a consequence of the breach of contract.

TWENTY FIRST: AMGUARD has breached the covenant of good faith and fair dealing that is implicit in the contract of insurance between Plaintiff and AMGUARD by declining coverage for parts of Plaintiff's claim; and by its actions requiring Plaintiff to litigate in order to recover.

TWENTY SECOND: The breach of contract and the bad faith conduct of AMGUARD described herein is a proximate cause of the consequential damages to Plaintiff.

TWENTY THIRD: Plaintiff has incurred and will continue to incur fees and expenses which will diminish its recovery herein, resulting in Plaintiff not being made whole, directly as a result of AMGUARD's breach of its contract, which expenses were reasonably within the contemplation of the parties when the policy was issued.

WHEREFORE, Plaintiff demands judgment against AMGUARD in at least the sum of Ninety Five Thousand Two Hundred Forty Six ($95,246) Dollars, together with interest thereon from October 29, 2012, punitive damages, attorneys' fees and the costs and disbursement of this action.

Dated: White Plains, New York
       March 3, 2014

Yours, etc.,

Bleakley Platt & Schmidt, LLP

By: _____
Justin M. Gardner
Jonathan A. Murphy
Attorneys for Plaintiff
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700

To:

AmGUARD Insurance Company
16 South River Street
Wilkes-Barre, PA, 18702

New York State Department of Financial Services